ANDREW & SIERAU *v.* HUGH KEENAN.

Prescription does not run on a merchant's account for advances made in the shape of acceptances of drafts, and disbursements for necessary supplies, insurances, freights, &c., upon each separate item of the account, but the account as a whole is prescribed in three years.

In regard to an account for goods sold, by the terms of the law, each item of the account is subject to its own prescription.

The evidence of one witness, without corroborating circumstances, is not sufficient to establish an item in account of over $500, for amount of a draft paid by the merchant, which is alleged to be lost or mislaid.

Articles 2258 and 2259 C. C., in regard to lost instruments, do not apply to an action for reimbursement of money paid by a merchant upon an accommodation acceptance, when the draft is lost or mislaid.

APPEAL from the District Court of the Parish of Catahoula, *Mayo,* J.

*Smith & Spencer,* for plaintiffs. *Cuny & Hawkins,* for defendant and appellant.

BUCHANAN, J. This is a suit for balance of a factor's account-current with a planter.

The defence is, a general denial; a special denial of certain items of the account; prescription of three years; and compensation.

Plaintiffs had a verdict for the full balance by them claimed, with interest at eight per cent. from the date of the verdict. The jury also allowed defendant a portion of his claim in compensation, with eight per cent. interest. Plaintiffs entered a remittitur of one hundred and fifty dollars upon this verdict, for charges of commission and interest in their account; they also remitted three per cent. of the interest, as allowed by the verdict, thus reducing it to five per cent.

Defendant appealed, and plaintiffs answer the appeal, praying that the judgment be amended by rejecting the claims of defendant *in toto.*

The first point made by appellant in this court concerns the plea of prescription. It is contended by the counsel of defendant, that the prescription of this account, under the statute of 1852, p. 90, should run upon each item of the account separately, from the date of the item. But we do not thus construe the Act of the Legislature in question. Its first section evidently refers to accounts for goods sold. As to such accounts, it is apparent that each item, by the terms of the section, is subject to its own prescription. But this is not such an account. The charges, here, are for advances made, in the shape of acceptances of drafts, and disbursements for necessary supplies, insurances, freights, &c., upon the proceeds of crops consigned, and to be consigned, by a farmer to a merchant. This account is included in the class contained in the second section of the Act of 1852, p. 90, in relation to which the expression of the Article is, that *the account,* as a whole, is prescribed in three years; and the doctrine of *Toledano* v. *Gardiner,* 2 An. 779, in relation to the prescription of factors' accounts, is thus confirmed by subsequent legislative enactment.

There is a charge in plaintiffs' account, under date of 20th December, 1854, for bills payable due December 19th, 1854, of $540 84. The answer specially denies the execution and existence of such bill or draft. The proof adduced by plaintiffs in support of this item, is insufficient. It consists in the evidence of one witness, who declares that the draft is mislaid or lost; that it was in the possession of the plaintiffs, and was signed by defendant. Being above five hundred

89

dollars in amount, this evidence of one witness required corroboration to give it effect. C. C. 2257.

There is another item similar in character, being for a draft of $67, of which defendant disputes the existence, and which is also mislaid or lost; and which is proved by the same witness. The evidence, as to this draft, is sufficient. The Articles 2258 and 2259 do not apply.

This is not an action upon a lost note; but for reimbursement of money paid upon an accommodation acceptance. *Succession of Guillemin*, 2 An. 634; *Toledano v. Gardiner*, 2 An. 779.

Upon the subject of the reconventional demand of defendant, we are of opinion, that the verdict of the jury has done justice, according to the evidence. The interest upon this portion of the verdict must, however, be reduced to five per cent. from judicial demand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended; that plaintiffs recover of defendant eighteen hundred and sixty-nine dollars and nineteen cents, with legal interest from the 10th November, 1858, subject to a credit of two hundred and fifty dollars, with legal interest from judicial demand; that defendant pay costs of the District Court, and plaintiffs pay costs of appeal.