[No. 1796, August 10, 1916.]
## HALFORD DITCH CO. v. INDEPENDENT DITCH CO.

### SYLLABUS BY THE COURT.

1. In trials before the court the erroneous admission of testimony will afford no ground for reversal unless it appears that the court considered such testimony in deciding the case.                                        P. 173

2. Where two or more community ditches take water from a common ditch or head, and the lower ditch has enlarged the upper one either by reason of a contract with the upper ditch or by reason of the common consent and acquiescence of the water right owners in said upper ditch, the lower ditch becomes a tenant in common with the upper ditch in the common structure, and as such is entitled to the joint management and control of the same in so far as the joint maintenance of the ditch is concerned.

P. 174

Error to District Court, San Juan County; E. C. Abbott, Judge.

Bill by the Halford Ditch Company against the Independent Ditch Company. There was a judgment for defendant, and plaintiff brings error. Affirmed.

WM. A. PALMER of Aztec and E. P. DAVIES of Santa Fé, for plaintiff in error.

PALMER & DANBURG of Farmington and McFIE, EDWARDS & McFIE of Santa Fé, for defendant in error.

## OPINION OF THE COURT.

PARKER, J.—The plaintiff below, a community ditch, plaintiff in error here, filed a bill in the district court for an injunction against the defendant, which is likewise a community ditch. It was alleged in the complaint that in 1897 the settlers and the then members of the plaintiff in error constructed an irrigation ditch or canal in San Juan county, N. M., the course of which is pointed out in the complaint; that during the course of the construction of said ditch the organizers of and settlers under defendant in error made and entered into a certain agreement with the plaintiff in error, a copy of which is attached to the complaint. This contract contained a provision that the defendant in error should enlarge the ditch of plaintiff in error to certain dimensions therein specified, and it was expressly provided that the plaintiff in error was to have complete control of the said ditch, as enlarged, as far down from the mouth as to a certain specified point. It was agreed that the defendant in error should do its part of the repairs to maintain the ditch. This contract is dated February 3, 1892. On September 14, 1896, the parties entered into a subsequent contract to the effect that each of the parties should clean and enlarge the sections of the ditch to eight feet wide on the bottom and nine feet wide two feet above the bottom grade from the head of the ditch to the first division box, and so on down the line of the ditch, decreasing the size of the ditch as the water was taken out by the water users. In this contract it was agreed that the two parties should select a man to take charge of the headgate at the river, whence the water is taken, and to walk the ditch down to a certain spillway as often as necessary to keep all trash from accumulating in the ditch, and do such other work as should be necessary to keep a full head of water in the

ditch, and should have the right to such help as he needed to do the work. The expense of keeping such man was to be borne by the two parties in proportion to the amount of water each one owned in the ditch. Subsequently, on the 18th day of April, 1910, the said parties entered into another agreement, but the provisions of the same in no way modified the rights of the parties as to the management and control of the ditch. It was alleged in the bill that the defendant in error had refused, failed, and neglected to perform its proportionate part of the labor and pay its proportionate part of the assessments of the said ditch to the dividing line between the two ditches, and still fails to do so; that the defendant in error, notwithstanding the fact that the complete control and management of the said ditch was in the plaintiff in error, had, without authority or permission of the said plaintiff in error, and against its objections, plowed up and cut into and destroyed portions of said ditch, lowering the grade thereof and damaging the flumes which are in the portion of said ditch owned by plaintiff in error, thereby seriously damaging the same and partially rendering the same unfit for use; that the defendant in error was continuing to interfere with said ditch, cutting and destroying portions thereof, and threatened to do other and further cutting and interfering of and in said ditch; that by reason of said acts of the defendant in error the plaintiff in error was seriously hindered and delayed in its efforts to place said ditch in its proper condition to deliver water to its members; that by reason of the said acts of the defendant in error the said ditch was rendered in a dangerous condition and not in a proper condition to carry water, to the great damage, difficulty, and annoyance of the plaintiff in error. The plaintiff in error prayed for an injunction against the defendant in error from doing any of the acts complained of save by and under the authority and permission and direction of the plaintiff in error; that defendant in error be enjoined from refusing to perform its proportionate amount of labor and pay its proportionate amount of assessment in said ditch; that the defendant in error pay plaintiff in

error $2,000 damages. The defendant in error answered admitting the existence of the two corporations, the construction of the said ditch by plaintiff in error, the execution of the first contract, above referred to, and alleged that in pursuance thereof the ditch of the plaintiff was enlarged and extended as proposed in said contract; that since about the year 1892, the date of the said first contract, and thereafter for a period of more than 20 years, and until a short time before the time of the beginning of this action, the defendant in error, through its commissioners, chosen from year to year, has had the sole and exclusive control and management of its interests in the common ditch from the joint heading in the Animas river to the end of the common ditch, and that therefrom the plaintiff in· error has never claimed or exercised any control or jurisdiction whatever; that during all of said period the respective commissioners of said ditches have adjusted and determined the proportionate expense and labor involved in the maintenance of said ditch and have controlled and directed said work and maintenance without any interference or control whatever, the one of the other, and the same has been apportioned during all of said period according to the respective interests of said parties to this cause. The defendant in error denied all acts of injury to the said ditch, and averred that at all times it had performed its proportionate part of the labor and paid its proportionate part of the expense of the maintenance of the common ditch; denied that the plaintiff in error owned the common ditch to the exclusion of the defendant in error; averred that the defendant in error had at all times exercised and had the right to exercise sole and exclusive control over its rights and interests in said ditch; denied that it had plowed up, cut into, or destroyed portions of said ditch or lowered the grade thereof, or damaged the flumes, or had in any way interfered with said common ditch so as to in any way damage the same or render it unfit partially or otherwise for the uses and purposes of the plaintiff in error; averred that during the then present season, as it had always heretofore done, it had done and performed, in due and proper sea-

son, its proportionate amount of work in cleaning and maintaining said ditch from its said heading throughout the same to the lower line thereof, and had paid out its proportionate share of the expense attached thereto, and that said ditch was in better condition for carrying the full appropriation of water to which the said parties were entitled than the said ditch had ever been before.

A reply was filed by plaintiff in error, denying the allegations of new matter in the answer. The court in its amended decree made the following findings and conclusions, viz.: That the plaintiff is a community ditch company; that the defendant is a community ditch company; that the plaintiff constructed its ditch as alleged in the complaint herein; that the defendant enlarged and extended said ditch of plaintiff as in the complaint alleged, by and under the terms of the original contract between said parties; that by said original contract the parties intended to and did leave the full control and management of said ditch, as enlarged to the lower line of the Coburn place, in the said plaintiff company; that under the laws applicable to community ditches and by reason of the evidence and the later contracts, defendant company became entitled to the joint control and management of said ditch of plaintiff company with plaintiff company. Wherefore it is ordered, adjudged, and decreed that the plaintiff and defendant companies are entitled to the joint control, management, and maintenance of the said joint ditch to the lower line of the Coburn place in proportion to their respective interests therein.

Plaintiff in error assigns ten errors.

[1] The first eight referred to alleged erroneous action of the court in the admission and rejection of certain testimony. We do not deem it necessary to consider these assignments for the reason that the conclusion of the court was entirely justified by other evidence in the case without any testimony whatever on the subject. The erroneous admission of testimony will afford no ground for reversal unless it appears that the court considered such testimony in deciding the case. Lynch v. Grayson, 5 N. M. 487, 25 Pac. 992; Id., 163 U. S. 468, 16 Sup. Ct.

1064, 41 L. Ed. 230; Radcliffe v. Chaves, 15 N. M. 258, 110 Pac. 699.

[2] Assisgnments Nos. 9 and 10 relate to an alleged erroncous holding by the court that the defendant in error became entitled to the joint control and management of said ditch with the plaintiff in error. We are at a loss to understand upon what theory such a contention can be made. The contract of September 14, 1896, expressly provided for the joint management and control of the said ditch under a ditch boss to be jointly selected and paid for by the respective parties and the keeping of the said ditch free from obstruction; and the cleaning and repairs of said ditch is expressly delegated to him. If it be argued that the jurisdiction of the ditch boss provided for in said contract is limited by the same to the irrigation season and does not apply to the annual cleaning of the ditch, it is neverthleess true that the defendant in error acquired an interest in the said common ditch under and in pursuance of the first contract hereinbefore mentioned. It was not acquired by condemnation procreedings; it was acquired by contract, and certainly became a property right in the ditch itself. We know of no law and no reason why a community ditch may not become the absolute owner as tenant in common of a ditch which, by contract with the first owner of the same, is enlarged to a capacity to carry water above the need of the first owner. The relation of the two parties in such a case would seem to be that of tenants in common, because the structure itself has been so changed by the enlargement of the ditch as to be a new and different structure from the original ditch. The defendant in error, having caused this change, became and was the owner, in common with the owners of the old ditch, of the entire structure. Section 5744, Code 1915, requires that, in cases like this one, where two or more community ditches take water from a common ditch or head, they shall be maintained separately and under separate management. It would seem from this statute that where a community ditch at the lower end of another ditch has, either by contract or condemnation, enlarged the upper

ditch, the ownership along the line of the common ditch must be that of tenancy in common which would entitle the lower ditch to work, repair, and maintain the common ditch to the same extent as the owners of the upper ditch.  It is argued by plaintiff in error that defendants in error can have no title to any interest in the common ditch for two reasons, viz.: (1) A ditch is real estate, and none of the contracts are sufficient in form to convey real estate; (2) even if the contracts amounted to a conveyance, they would be void, for the reason the community ditch does not own the structure, but it is owned by the water users thereunder as tenants in common (Snow v. Abalos, 18 N. M. 681, 140 Pac. 1044), and such tenants in common, nor a majority of them, had conveyed or authorized the conveyance.  The argument is faulty.  Assuming that the officers, acting for the plaintiff in error, were without power to bind the various water users under the old ditch, it nevertheless remains true that they stood by and allowed the defendant in error to enlarge their ditch, and thus change the entire form of the structure, and allowed, for years, the defendant in error to expend money and labor upon the maintenance of the common ditch, upon the understanding, as shown by the evidence, that it owned an interest in the same.  Under such circumstances they are estopped to deny the right of defendant in error.

It follows that the judgment of the district court was correct and should be affirmed; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.