[No. 2043.   August 2, 1917.]

## HOPKINS v. NORTON ET AL.

### SYLABUS BY THE COURT.

1. Nonjurisdictional questions, raised for the first time on appeal, will not be considered.                    P. 189

2. In trials before the court, the erroneous admission of testimony will afford no ground for reversal, unless it appears that the court considered such testimony in deciding the case.                    P. 189

Appeal from District Court, San Juan County; E. C. Abbott, Judge.

Action by R. P. Hopkins against Albert N. Norton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Geo. F. Bruington, of Aztec, and McFie, Edwards & McFie, of Santa Fe, for appellants.
(Devoted to merits).

A. B. Renehan and Daniel K. Sadler, both of Santa Fe, for appellees.

A "broadside" exception to findings raises no question on appeal.

Groover v. Indman, 60 Ga., 406.

Appeal of Overseers of Poor, 138 Pa. St., 109; 20 Atl., 944.

Knox v. Moore, 41 S. C., 355; 19 S. E., 683.

Bell v. U. P. Ry. Co., 194 Fed., 366.

As to correct manner of raising questions, see,

Fullen v. Fullen, 21 N. M., 212; 153 Pac., 294.

See also Codif., 1915, Sec. 4506.

Southard v. Latham, 18 N. M. 503, 510.

Only question which may be reviewed is whether findings sustain judgment.

Stafford v. Crawford, 76 N. W. 496; Baird v. Spence, 31 N. Y. S. 1125; Wilson v. Davis, 1 Mont. 183.

The Supreme Court will take cognizance of such assignments only as were brought to the attention of the trial judge in a manner to permit their correction by him.

Codif., Sec. 4506.

Crabtree v. Segrist, 3 N. M., 500; 6 Pac., 202.

Chaves v. Meyer, 13 N. M., 368; 107 Pac. 233.

Territory v. Mills, 16 N. M., 555; 120 Pac., 325.

Findings which are embodied in a decree having all the force and effect of formal findings will be accepted as true by the court on appeal, and no inquiry can be made into the sufficiency of the testimony to sustain them unless proper exceptions are taken.

99 Pac., 13, (Wash.)

## OPINION OF THE COURT.

HANNA, C. J.   This case was appealed from the district court of San Juan County by Albert N. Norton

and Frank Norton, executors of the last will and testament of D. P. Norton, deceased, for the purpose of reviewing the action of the trial court with reference to the allowance of a claim held by appellee and represented by a promissory note executed by the deceased in his lifetime. The cause was tried to the court without a jury, and judgment was rendered, allowing the claim of appellee, and directing the appellants to pay it in the due course of the administration of the estate.

[1] The judgment contained a finding to the effect that the issues were found in favor of the appellee. The principal issues were whether or not the claim of appellee had been filed with the clerk of the probate court within a year from the date of the appointment of the executors, and whether notice of the hearing on the claim had been served upon the executor within the time specified by law. The appellants tendered no requested findings, nor were any proper exceptions taken by them to the finding made by the court. Under such circumstances, the appellee insists that the two questions presented by appellants are not properly before the court. This court has held to the doctrine for which appellee contends in numerous cases. See Fullen v. Fullen, 21 N. M. 212, 224, 153 Pac. 294.

[2] The correctness of the ruling of the court upon the admission of the testimony of certain witnesses is presented by appellants. It does not appear that such evidence affected the decision of the court in any wise, or that it considered such testimony in determining the case. Such action, therefore, does not afford ground for reversal of the case. Halford Ditch Co. v. Independent Ditch Co., 22 N. M. 169, 159 Pac. 860, 861. This testimony concerned conversations between appellee and the attorney for the appellants, and between appellee and the probate judge. As appllants state:

"The tendency of these conversations was to show that the claim of appellee was in the hands of the probate judge before the year had expired."

But independent of this evidence there is ample evidence in the record upon which the trial court might have re-

solved the question against the contention of the appellants, in that it appears therefrom that one of the executors did not qualify until September 30, 1914, and the filing mark on the claim of appellee shows that the claim was filed of record with the probate court on September 23, 1915.

The judgment of the trial court is affirmed; and it is so ordered.

PARKER and ROBERTS, JJ., concur.