(No. 2210.   Jan. 17, 1920.)

# McGONIGLE v. EAGLE TOWN-SITE CO.

## SYLLABUS BY THE COURT

1.   The erroneous admission of testimony in a case tried by the court will afford no ground for reversal, unless it appears that the court considered such testimony in deciding the case.
P. 625

2.   A general exception to the findings and judgment presents no question for review.                              P. 626

Appeal from District Court, Sandoval County; H. F. Raynolds, Judge.

Action by John McGonigle against the Eagle Town-Site Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

GEORGE S. KLOCK, of Albuquerque, for appellant.

H. B. JAMISON, of Albuquerque, for appellee.

## OPINION OF THE COURT

ROBERTS, J.   Appellee instituted this suit in the district court of Sandoval county for the purpose of quieting his title as against the appellant, to certain described real estate.   After hearing the evidence, the court entered judgment for the appellee, which judgment is assailed in this court on two grounds:   First, that certain incompetent evidence was admitted over appellant's objection; second, that the court erred in making certain findings of fact.   These questions are presented by numerous assignments of error, but they may all be grouped under two general grounds.

[1]   The value of the property involved is conceded to be approximately $10.   No question is presented which requires a consideration of the case on its merits.   It is well settled in this jurisdiction that erroneous admission

of testimony in a case tried by the court will afford no ground for reversal, unless it appears that the court considered such testimony in deciding the case. Halford Ditch Co. v. Independent Ditch Co., 22 N. M. 169, 159 Pac. 860, and cases cited. These authorities dispose of the contention relative to the admission of the evidence complained of.

[2] As to the findings objected to, this question is disposed of by the case of Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294. The only exception taken by appellant to the findings and judgment is as follows: "As to all of which the defendant, the Eagle Town-Site Company, excepts." This exception, as stated by the court in the case of Fullen v. Fullen, conveys, under the circumstances in which it was made, no intimation that the decree was erroneous, or, if so, upon what ground. As appellant made no specific objection to the findings or judgment in the lower court, and asked for no findings, there is nothing here, in this regard, for review.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and HOLLOMAN, District Judge, concur.