## No. 2792.

## MOORE v. MOORE.

### SYLLABUS BY THE COURT

In trials before the court without a jury, the erroneous admission of evidence is not available error, unless it appears

that the court must have relied upon it in reaching its determination.

Error to District Court, Chaves County; Brice, Judge.

Action by Mary R. Moore against Gregory S. Moore. From a decree for defendant, plaintiff brings error. Affirmed.

J. D. Atwood, of Roswell, and J. O. Seth, of Santa Fe, for plaintiff in error.

J. D. Mell, of Roswell, for defendant in error.

### OPINION OF THE COURT

PARKER, C. J. The plaintiff in error was plaintiff below, and on August 15, 1922, filed a complaint for a divorce against the defendant in error, alleging the marriage of the parties, and that two children, namely, Betty Jane, aged four years, and Anna Mae, aged three years, were born of said marriage and were then living and in the care and custody of the plaintiff, and alleging that she was a proper and suitable person to care for and rear the said children. She charged the defendant with cruel and inhuman treatment in the most general terms without specifying any acts of cruelty on the part of the defendant. This form of pleading, however, was not taken advantage of by the defendant. The plaintiff prayed for a divorce and for the custody of the minor children, and for alimony for the support of the children, and division of the community property, and for attorney's fees, costs, and expenses incurred in the action. The defendant answered, denying the cruel and inhuman treatment, and denying that the plaintiff was a proper and suitable person to have the care and custody of the minor children. The defendant also filed a cross-complaint in which he charged cruel and inhuman treatment on the part of the cross-defendant, by means of certain improper conduct on her part with two different men, but ex-

pressly declined to charge adultery on the part of the cross-defendant. Thereafter a supplemental complaint was filed by the plaintiff alleging the same facts as alleged in the original complaint, except that the allegation is made that since the filing of the original complaint the defendant had been guilty of cruel and inhuman treatment, in that he had sought to injure the reputation of the plaintiff among her friends and acquaintances, and had sought to establish in the minds of the people that the plaintiff had committed adultery with one M. H. Hunter, and had been guilty of divers other misdeeds and faults. She prayed for a divorce, for the care and custody of the said children, and for allowances as in the original complaint. To this supplemental complaint an answer and cross-complaint were filed by the defendant, charging that the cross-defendant had been guilty of cruel and inhuman treatment of the cross-plaintiff, by reason of her improper conduct with the two different men mentioned, but still expressly declining to charge adultery. The cross-complaint was denied generally by the cross-defendant, the case was heard by the court, and at the conclusion of the trial the judge filed his findings and opinion, in which he found that there was no testimony in the case that would warrant a divorce. In his opinion he reviewed the testimony, and, while he condemned the actions of the wife for her indiscretions, found specifically that there was no evidence of adultery on her part. He completely acquitted the defendant of any wrongdoing whatever. The court announced that it would make, later, some order for the disposition of the children, but that they might remain with their mother until this disposition was made. Some days later the court filed a memorandum opinion in the case, and after a discussion of the situation generally, he concluded that the welfare of the children required that they be committed to the custody of the defendant, and a decree was accordingly entered

on September 30, 1922, refusing the divorce to plaintiff and awarding the custody of the children to defendant, and awarding alimony to plaintiff for six months, the parties having permanently separted.

We have examined the transcript of the testimony in the case, and find that the findings and decree of the court are not only supported by substantial evidence, but, under the testimony, the decree rendered is the only decree a court could render under the circumstances. The wife here became infatuated with a man other than her husband, and thereupon her grievances, in her own mind, became greatly exaggerated. Had the other man not appeared upon the scene, the plaintiff and defendant, no doubt, would be living in comparative happiness, at least, as husband and wife. Under such circumstances there exists no ground for divorce.

The main contention between the parties is in regard to the custody of the two minor children and it is to review the action of the court in this regard that this writ of error was really sued out. This court, of course, appreciates what a terrible consequence it is to take away from a good mother, which this woman in this case is, the custody of her two infant children and to award the same to the father. But she has brought upon herself this consequence. She has been guilty of gross indiscretion in her conduct toward this other man, which indiscretion points, although it may never lead, to the actual consummation of a legal offense against her marriage relations. Under such circumstances, and looking to the welfare of these two children, the court might well be doubtful of the propriety of committing to her custody, under the present circumstances, the welfare of these children. A little time may cause this woman to right herself and establish the poise with which she heretofore evidently governed herself, and at that time the court will be at liberty to make such other disposition of the children, more nearly equal as be-

tween the husband and wife, as he may in his discretion see fit.

Plaintiff in error presents one legal question, and that is that the court erred in admitting in evidence and considering certain letters written by this other man to the wife, but which letters were intercepted, and were never received by her. If this were the only evidence upon which the court determined to whom he would commit the custody of the children, there would be force in the propositions presented. But there is other evidence in the form of letters written by the wife to this other man, which clearly supports the judgment of the court in taking these children from the wife and awarding them to the husband. The rule on this subject is stated in Halford Ditch Co. v. Independent Ditch Co., 22 N. M. 169, 159 Pac. 860, and in McGonigle v. Eagle Town-Site Co., 25 N. M. 626, 187 Pac. 546, to the effect that the admission of incompetent evidence in a trial before the court is not available error, unless it appears that the court in arriving at its determination considered and relied upon the evidence. It is true in this case the court in overruling an objection to these letters stated that the evidence was admissible in determining the fitness of the plaintiff to have the custody of the children, which, standing alone, would indicate that he intended to consider the letters in passing upon that subject. But, as before stated, the real attitude of the wife was disclosed by her own letters written to the other man. Before it could be said that incompetent evidence must have been relied upon by a court in determining a given fact, it must appear that such evidence was the only evidence on the subject, or was evidence, without which the court could not properly have reached the result announced.

It follows from all of the foregoing that the decree of the district court was correct and should be affirmed; and it is so ordered.

BRATTON and BOTTS, JJ., concur.