[No. 3260. Nov. 6, 1929.]

MARTIN et al. v. VILLAGE OF HOT SPRINGS et al.

[282 Pac. 273.]

See, also, 268 P. 568.

E. D. Tittmann, of El Paso, Tex., and E. L. Medler, of Los Angeles, Cal., for appellants.

James G. Fitch, of Socorro, for appellees.

## OPINION OF THE COURT

CATRON, J.   Plaintiffs being the owners of a water plant and system, by which, under franchise, the inhabitants of defendant village were .served, contracted with the village to sell to it, the latter agreeing to buy:

> "All such portion of the plant now owned by party of the first part (plaintiffs) erected for the purpose of supplying water to the Village of Hot Springs, and consisting of all equipment now in use to supply water to the inhabitants of said Village of Hot Springs, to which the party of the first part has title, at the present value of the property hereby agreed to be sold, which actual value shall be determined by three appraisers."

The contract provided for payment in cash of the "actual value" within a reasonable time after it had been determined.   With consent of plaintiffs, the village took immediate possession, and has since operated the plant and retained the revenues.   Its reasonable value at the date of the contract was $3,945.78.

Upon these facts, here stated in their substance as found by the trial court, plaintiffs recovered, and now appeal from, a judgment for the amount stated, with interest from date of recovery, and without costs.

Certain assignments of error are predicated upon the contention that there was an award by reason of a claimed agreement by two of the appraisers upon a sum larger than that recovered.   The trial court properly refused to admit the contention, since plaintiffs had alleged in the complaint "that the * * * appraisers were unable to agree," and had sought recovery of the value of the property, alleging it to be $12,500.

We find no error in the findings made or refused, having tested them by the substantial evidence rule.   The

numerous assignments of this class are therefore over-ruled.

■ Plaintiffs contend that they should have had interest from the date of the "breach" of the contract, and as the prevailing parties, should have recovered costs. They failed to raise these questions below, and so cannot be heard upon them here.

■ Certain documents excluded from evidence have not been included in the record before us. Thus we are unable to review the rulings.

■ The admission of incompetent evidence is complained of. But no prejudice is shown, there being sufficient competent evidence to support the findings and judgment.

We conclude that the judgment should be affirmed and the cause remanded, and it is so ordered.

WATSON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.