129 P.2d 340

**HEDRICK v. JAGGER et al.**

**FIRST NAT. BANK OF ALBUQUERQUE v. JAGGER (HEDRICK, Intervener).**

No. 4681.

Supreme Court of New Mexico.

Sept. 18, 1942.

Iden & Adams, of Albuquerque for appellants.

Whatley & Garland, of Las Cruces, for appellees and intervener.

MABRY, Justice.

There is involved in this appeal the question of priority as between an alleged materialmen's lien and two certain mortgages.

Suit was filed by one C. L. Hedrick, to foreclose a materialmen's lien upon certain property belonging to one J. J. Jagger, up-on which the First National Bank in Albuquerque (hereinafter referred to as "the bank") had mortgages. The bank also brought a separate suit for the foreclosure of its two mortgages. Hedrick was allowed to intervene in the suit brought by the bank and there was a consolidation of the two suits upon the trial below, as there is a consolidation here.

The whole controversy centers about the legality of the lien of intervener Hedrick—about the question whether the Hedrick lien was ever in fact "filed for record" within the meaning of the statute so as to give notice to the bank whose two mortgages were filed subsequent to the date lien claimant Hedrick claims to have "filed for record" his materialmen's lien.

Judgment in the consolidated cases was rendered in favor of Hedrick, establishing his claim of lien upon the property in question and holding the same to be prior in point of time and superior to the interest of the bank under its mortgages. From this judgment the bank appeals.

The contention of appellant is that no lien was ever established on account of Hedrick's claim; that he *filed* the instrument only, without direction to record it. and that no notice was therefore given and no lien upon the property in question was ever established. Appellant bank challenges the sufficiency of the evidence to support the court's findings that the Hedrick lien was actually "filed for record". We examine the evidence to determine whether this be true, resolving all dis-

puted facts in favor of appellee and viewing such evidence in the aspect most favorable to him. Davis & Carruth. v. Valley Merc. & Banking Co., 33 N.M. 295, 265 P. 35.

The amount of $900 is claimed under the alleged materialmen's lien, and the two mortgages in favor of the bank amount to approximately $27,000. On May 19, 1939, Hedrick caused to be prepared his claim of lien for the materials furnished upon the Jagger property at Hot Springs and mailed this instrument to the county clerk of Sierra county, New Mexico, with a check for $1.25 and with direction in an accompanying letter written by his attorney, to "please file for record", and within a day or two thereafter, upon request, he paid the said clerk an additional 50¢ which was the statutory filing fee. Hedrick contends that under the circumstances of the case, his lien was "filed for record", although he did not pay a sufficient fee therefor nor did he ever expressly direct the clerk to record the instrument.

It appears that the claim of lien was prepared by an attorney for the lien claimant, but Hedrick himself mailed the instrument to the clerk. Accompanying the claim was a letter from the attorney, as we have said, together with his check for $1.25. It is obvious that the attorney did not know just what either the filing or recording fee should be; he did not send sufficient money to provide for the recording of the instrument, if recording was intended. The letter said "Please file for record and I am attaching my check in the sum of $1.25 for such filing. I believe that it will cost $1.25 now since the advance in filing fees are required." On the check accompanying the letter is a notation "for *filing* Hedrick lien." (Italics ours.)

There seems much confusion as to what became of this $1.25. The check was received and cashed by the clerk. Obviously, he received and cashed it but there is. no entry in the reception book of any such amount. The 50¢ which was paid by Hedrick the day following the receipt of the instrument by the clerk was properly entered, and this was the amount necessary to pay the filing fee of 25¢, plus the 25¢ tax required to be collected under the provision of Chap. 112 of the Laws of 1939, then being enforced, for the "filing" of documents in the office of the county clerk. Where an instrument was to be recorded, a 50¢ tax was imposed, in addition to the regular recording fee.

Clearly, even taking both the $1.25 check sent by the attorney and the 50¢ paid by Hedrick himself, still we would not have an amount sufficient to pay for recording the instrument. The clerk in testifying, and uncontradicted, estimated the cost to. record the instrument, doubtless very lengthy in view of the exhibits attached, would have amounted to $6.00 or $6.50.

Hedrick himself paid the clerk 50¢ for *filing* or *filing* for *record*, and this was. *after* the attorney's letter and check had been received. Appellants suggest that, re-

gardless of any uncertainty created in the mind of the clerk by the letter and check from the attorney, when he talked with claimant himself the following day and was paid 50¢, he was justified in filing, and not recording, the instrument. There is no provision for any filing such a lien except it be a "filing for record". Also, anything less than a filing for record would not answer the purpose for which appellee Hedrick sought the filing. He wanted the clerk to do whatever was "legal to protect" him. He did not know what the fee would be, and we must presume in support of the findings, under the circumstances, that the clerk never advised him that he was getting no protection from the filing.

The fees for recording mechanics' liens are provided in § 82-208 of the N.M. Comp. Laws of 1929, which reads: "The county clerk must record the claim in a book kept by him for that purpose, which record must be indexed as deeds and other conveyances are required by law to be indexed, and for which he may receive the same fees as are allowed by law for recording deeds and other instruments."

The primary question we are called upon to decide is whether the trial court erred in holding, under all the evidence considered in a light most favorable to Hedrick, that Hedrick had a valid materialmen's lien upon the real estate involved in this case superior to the lien of the bank's mortgages of November 22, 1939, and April 18, 1940. The answer depends upon whether Hedrick's claim of lien was "filed for

record" in compliance with § 82-206 of the N.M.Comp. Laws of 1929. This statute provides:

"82-206. Claim of lien—Contents and filing. Every original contractor, within one hundred and twenty days after the completion of his contract, and every person, save the original contractor, claiming the benefit of this article, must within ninety days after the completion of any building improvement or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record with the county clerk of the county in which such property or some part thereof is situated, a claim containing a statement of his demands * * *."

█ The trial court found that the claimant filed the lien for record, notwithstanding the fee paid the clerk was insufficient therefor. There is substantial evidence to support such findings. We are not unmindful of what we have heretofore said about the character of such liens and the manner in which they must be established. See Ford v. Springer Land Ass'n, 8 N.M. 37, 48, 41 P. 541; Weggs v. Kreugel et al., 28 N.M. 24, 27, 205 P. 730; Ackerson v. Albuquerque Lumber Co., 38 N.M. 191, 29 P.2d 714.

There can be no doubt that the bank, the holder of the two mortgages in question, knew that appellee Hedrick was claiming a lien upon the property. The bank took the position, however, that inasmuch as no proper claim of lien had been

filed for record, it was not bound by any notice, even actual. Ackerson v. Albuquerque Lumber Co., supra.

It is clear that the clerk should have required sufficient fees for recording the instrument. In the absence of payment thereof he could have refused to receive the document for such filing for record. But, this he did not do. He accepted and filed an instrument which could only be filed for record, and, as the court found, was so filed. This fact is decisive.

Finding no error, the judgment is affirmed, and it is so ordered.

BRICE, C. J., SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.