133 P.2d 705

**KEIL v. WILSON et al.**

No. 4695.

Supreme Court of New Mexico.

Nov. 10, 1942.

Appeal Dismissed on Stipulation

Feb. 12, 1943.

Sherman & Sherman, of Deming, and Whatley & Garland, of Las Cruces, for appellee.

BICKLEY, Justice.

Plaintiff (appellee) sued appellants (defendants) on two promissory notes, and recovered judgment for principal, interest and attorney fees against appellants. Plaintiff alleged that defendants had wrongfully obtained possession of the notes and refused to yield up possession of the same.

Defendants denied execution of one of the notes and alleged that if such note ever existed it was barred by the statute of limitations.

The Court, sitting without a jury, did not find that the note was wrongfully obtained or withheld, but proceeded upon the theory that the note had been lost, which was advantageous to defendants, because the rule that in order to establish a lost instrument on behalf of a party seeking rights under it the evidence must be clear and positive, is somewhat relaxed in cases where they have been lost, withheld or destroyed by the person to be charged.

Appellants' assignments of error are as follows:

"1. The Court Erred in Admitting the Testimony of C. C. Bassett and William Ansel Gardner.

"2. The Court Erred in Giving Judgment for the Plaintiff on the $5000 Note for the Reason that There Is No Compe-

E. L. Medler, of Albuquerque, and Mechem & Mechem, of Las Cruces, for appellants.

-tent Evidence in the Case to Sustain the Judgment."

As to the first, we are disposed to think the appellants are correct, but it does not follow that the judgment on this account must be reversed.

The appellants have not discharged the burden of showing that the error, if error it was, is prejudicial.

In 5 C.J.S., Appeal and Error, § 1724, page 967, it is said that error in the admission of evidence may not constitute ground for reversal where the evidence which has been admitted is merely corroborative or cumulative. At page 971, it is said: "Moreover, error committed in the admission of evidence may, on appeal, be considered to be harmless where the legal evidence abundantly established the case."

The note to the foregoing text is: "Error in admitting evidence is held not to require a reversal, where other evidence sustained the findings."

Among the cases cited in support of the foregoing is Martin v. Village of Hot Springs, 34 N.M. 411, 282 P. 273. In that case we said: "The admission of incompetent evidence is complained of. But no prejudice is shown, there being sufficient competent evidence to support the findings and judgment."

In Halford Ditch Co. v. Independent Ditch Co., 22 N.M. 169, 159 P. 860, we decided: "In trials before the court the erroneous admission of testimony will afford no ground for reversal unless it appears that the court considered such testimony in deciding the case."

Appellants concede this to be the rule but they argue that the indications are that the court did consider the objectionable evidence in reaching its conclusion in the case at bar. The circumstances relied upon by appellants are not strong enough to make it "affirmatively appear" that the court took such evidence into consideration in deciding the case. See Romero v. Herrerra, 30 N.M. 139, 228 P. 604. The rule was stated in Radcliffe v. Chavez, 15 N.M. 258, 110 P. 699, to be:

"In cases tried before the court, it will be presumed that the court ultimately disregarded inadmissible testimony, and the erroneous admission of testimony will afford no ground of error, unless it is apparent that the court considered such testimony in deciding the case."

Appellants have not overcome this presumption.

It is to be noted that in the precedents cited, the rule announced is made applicable to cases "tried before the court."

We turn then to the second assignment of error.

It is first to be noted that our Statute, N.M.S.A.1929, § 105-836, providing that even though the note is lost or destroyed while it belonged to the party claiming the amount due thereon parol or other evidence of the contents thereof may be given, does not require that corroborative evidence of the loss and contents be pro-

duced, as is the statutory rule in some states. Encyclopedia of Evidence, Vol. 8, 362.

■■ The trial court made the following findings of fact: "4. That said Defendants, together with Earl J. Wilson and Oscar Wilson, duly made, executed and delivered to said Plaintiff a promissory note bearing date January 1st, 1930, for the sum of $5000.00, payable three years after the date of making, bearing interest at the rate of ten percent per annum from date of making, and providing for ten percent Attorney's Fees.

"5. That said last mentioned note has been lost.

"6. That no part of said last mentioned note has been paid."

Our conclusion is that these findings are supported by substantial evidence.

We are not unmindful of the principle that when a fact must be proved by clear and positive evidence in order to make out a case, as we assume is the requirement in the instance of lost instruments, the party asserting that findings are supported by substantial evidence has an extra burden to discharge to show that the required standards are met.

The plaintiff, as a witness in his own behalf, testified that he had had business dealings with some of the defendants, in the course of which he had loaned to them some money; that the defendants signed and delivered to him a five thousand dollar note and a note for $1,458.67; that the two notes were delivered to him at the same time and that they were each dated January 1st, 1930; that they were each signed by the same parties; that two notes were given instead of one for the amount which was owing to plaintiff for reasons then put forward on behalf of the defendants; that the two notes were given to the plaintiff at the same time and he looked at the dates and they were the same, and the due dates were the same, and "the hand-writing looked the same to me all the way through"; that nothing was ever paid on the five thousand dollar note.

The manner of the giving of this testimony was clear and positive. So far as we are able to determine from the record, the testimony of Mr. Keil, the plaintiff, was not impeached or contradicted in any manner except by the testimony of two of the defendants who just as clearly and positively testified that they had not executed and delivered to the plaintiff the five thousand dollar note in question. The testimony of the plaintiff was supplemented by the fact that the $1,458.67 note was produced by the defendants and its terms afforded definiteness as to the contents of the lost $5,000 note if the Court believed the testimony of the plaintiff that the terms of the two notes were the same.

The record discloses circumstances which tend to corroborate the testimony of the plaintiff and disparage that of the defendants.

It will be appropriate to call attention to some principles which aid us in the conclusion we reach.

The Supreme Court resolves all disputed facts in favor of appellee and views evidence in the aspect most favorable to him. Hedrick v. Jagger, 46 N.M. 379, 129 P.2d 340.

Where case is tried by Court without a jury, the trial court is sole judge of credibility of witnesses and weight to be given their testimony. Chesher v. Shafter Lake Clay Co., 45 N.M. 419, 115 P. 2d 636.

A plurality of witnesses is not required in support of the execution and contents of a lost instrument, and the evidence of a single witness, unless otherwise provided by statute, may be sufficient. Vol. 8, Encyc. of Ev., Lost Instruments, p. 362. See, also, Andrew v. Keenan, 14 La.Ann. 705, 706.

The principle that evidence required to establish a lost instrument and its contents must be clear and positive or clear and satisfactory, is not applied with equal vigor in every case. For example, in Telluric Co. v. Bramer, 76 W.Va. 185, 85 S.E. 177, 179, the court quoted the rule as follows: " 'Where the issue involves the existence and contents of a writter paper, the doctrine seems to be well founded in principle that the greater the value of the instrument the more conclusive should be the proof of its existence and contents. And, where the instrument rises to the dignity and importance of a muniment of title, every principle of public policy demands that the proof of its former existence, its loss, and its contents should be strong and conclusive, before the courts will establish a title by parol testimony to property which the law requires shall pass only by deed or will.' "

From all of the foregoing, we conclude that the judgment should be affirmed, and it is so ordered.

The cause is remanded with directions that the judgment be enforced, by such means as may be required.

BRICE, C. J., and SADLER and MABRY, JJ., concur.

ZINN, J., did not participate.