275 P.2d 639

**L. & B. EQUIPMENT COMPANY, a co-part-nership, Plaintiff-Appellee,**

v.

**L. D. McDONALD, Defendant-Appellant.**

No. 5804.

Supreme Court of New Mexico.

Oct. 18, 1954.

I. M. Smalley, Deming, for appellant.

Sherman & Hughes, Deming, for appellee.

SEYMOUR, Justice.

Appellee sued appellant for $2500 damages allegedly arising from appellant's refusal to accept delivery of a truck chassis ordered by appellant from appellee for use on appellant's school bus. Prior to trial and in mitigation of damages, appellee sold the chassis to a third party for $1500. Trial before the court without a jury resulted in judgment for appellee of $750, from which judgment this appeal is taken.

Briefly the facts are these: Appellee, a co-partnership dealing in heavy equipment and motor vehicles, negotiated with appellant who, as the owner and operator of six school buses under contract with the school authorities, wanted to purchase a new school bus chassis. At the conclusion of negotiations, appellant executed a written order for the purchase from appellee of an International truck for a price of $2250, such order or invoice carrying certain specifications as to length of wheel base, size of tires, and other details. Appellee procured and offered delivery of a chassis which was refused by appellant on several grounds, including an assertion that the engine was not a "sleeve" engine as distinguished from another type of engine used in International trucks and that the chassis was used instead of new. The order was silent with regard to the type of engine.

Substantially, appellant's first point is that there was no substantial evidence to support the trial court's findings of fact 5 and 6 reading as follows:

"5. That the truck chassis tendered by plaintiff was new and the original manufacturer's certificate of title had never been issued to any purchaser.

"6. That the truck chassis was of the specifications as ordered or later agreed upon by defendant, with standard motor as equipped by the manufacturer for such size chassis."

Appellant's first contention as to the type of engine must fail. The principal question of fact in this lawsuit was whether or

not a "sleeve" engine was a part of the specifications. There was positive testimony on both sides of this question by the parties concerned. The trial court had the right to and did evaluate the credibility of these witnesses and chose to believe the testimony of appellee. This Court is bound by the above quoted finding numbered 6 in this regard.

■ Appellant's second point asserts that appellee was not a licensed automotive dealer with bond pursuant to the requirements of Ch. 138, N.M. Session Laws of 1953. Assuming this to be true and that the transaction was consummated subsequent to the effective date of that law, there is no principle of law suggested in appellant's brief which would support the theory that a violation of this statute would prevent appellee from enforcing his contract of sale. Furthermore, there is no provision in the statute suggesting such a consequence. We assume that appellant had in mind a defense based upon the illegality of a contract made by such an unlicensed dealer.

Error in this connection is asserted in the trial court's refusal of appellant's requested finding of fact numbered 2: "That the plaintiffs, * * * are not licensed automotive dealers, so as to meet the requirements of Chapter 138 of the Laws of 1953, * * * and had posted no bond with the State of New Mexico." There is no offered conclusion of law based upon such finding. The finding itself contains no assertion that the statute was in effect at the time of the transaction in question.

Under these circumstances we decline to pass upon the merits of this contention. Section 19–101(8)(c), N.M.S.A. 1941, Rules of Civil Procedure, rule 8(c), requires affirmative pleading of the defense of illegality. It was not so plead by appellant, nor any amendment sought or made. Therefore, even disregarding the question of the adequacy of appellant's requested findings and conclusions, the trial court committed no error in refusing the request.

■ ·Appellant's final ground for reversal is the asserted error of the trial court in admitting into evidence plaintiff's Exhibit D, purportedly a manufacturer's statement of origin of the chassis in question, on the face of which it appears that this chassis, identified by serial number, is new. The manufacturer's statement of origin is the ordinary type of "birth certificate" used by manufacturers in the sale of new vehicles. The fore part of the document is executed by one M. F. Williams designated as assistant district manager of International Harvester Company. At the time this document was being identified and offered, no one pretended to know Mr. Williams or his signature. Nevertheless, the trial court admitted the document over the objection of appellant. Subsequently in the trial, however, one member of the

appellee partnership was put on the stand by appellant as an adverse witness and questioned by the parties concerning the second portion of this document styled "First Assignment" and executed by one Olon Earnest of the Lamesa Tractor & Mtr. Co. From this testimony it appeared that Mr. Earnest executed the "First Assignment" in the presence of the appellee who was taking delivery of the chassis in Texas, and that the assignment was delivered to appellee with the vehicle, accompanied by verbal directions as to the method in which to complete the assignment form for transfer of title to the appellant purchaser. This "First Assignment" form carries among other things the following language: "* * * the undersigned hereby transfers this Statement of Origin and the motor vehicle described therein to ———— * * * and certifies that the vehicle is new and has not been registered in this or any other state; * * *." There was no question raised as to the identity of Earnest or his position as a representative of the Lamesa Tractor and Motor Company. Moreover, by his own questions, appellant proved the signature of Earnest. By so doing appellant cured his own objections to the admissibility of this document in evidence, at least insofar as the "First Assignment" portion thereof is concerned. We think that the error of the trial court, if any, in admitting this document originally was waived or cured by appellant to the extent it relates to the "First Assignment." Further, without determining the admissibility of the balance of this document, the "First Assignment" is sufficient to sustain the trial court's quoted finding numbered 5. This case was tried by the court without a jury. In Moore v. Moore, 1923, 28 N.M. 463, 214 P. 585, we held that the erroneous admission of evidence is not available error unless it appears that the court must have relied upon it in reaching its determination. As heretofore pointed out, this is not the case in the matter before us and the error here, if any, does not justify a reversal.

In his brief appellant also urges as error the introduction of this exhibit during appellee's cross-examination of appellant's witness. The only objection made at trial was as to the identification of the document and, therefore, if there be error, it is unavailable to appellant.

Judgment of the trial court is affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and LUJAN, JJ., concur.