428 P.2d 655

**B. H. MILLER, Sr., and Katie M. Miller, his wife, Plaintiffs-Appellees,**

**v.**

**GOLDEN W. MOTEL, a corporation, Defendant-Appellant.**

**No. 8209.**

Supreme Court of New Mexico.

May 15, 1967.

Rehearing Denied June 20, 1967.

Atwood & Malone, Bob F. Turner, Roswell, Touchstone & Sampels, Dallas, Tex., for appellant.

Wesley Quinn, David W. Bonem, Clovis, for appellees.

OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

This is an appeal from a judgment in favor of the plaintiffs in an action to recover a judgment on a note and to foreclose a chattel mortgage and real estate mortgage given as security for the note. Defendant

counter-claimed to rescind the entire transaction on the ground of misrepresentation.

Plaintiffs, B. W. Miller, Sr., and others, entered into a contract with W. C. Bryan on December 22, 1959, for the sale and purchase of a motel located in Tucumcari, New Mexico. To effectuate this purpose, W. C. Bryan formed the Golden W. Motel Corporation, defendant in the trial court, and the plaintiff received, by assignment, all outstanding real estate and chattel mortgages. During the preliminary negotiation period between the parties the defendant requested and the plaintiffs supplied approximations as to the expected gross income of the motel for the current year. These approximations were given by the plaintiffs in round numbers and without the aid of books or records. The defendant's accountant was furnished with all records made in connection with the business and allowed to make as full an investigation as he desired. Defendant's accountant questioned the accuracy of the furnished materials since the bookkeeping system was not double entry. He further advised Bryan that it would require a month to audit the books. Bryan then stated that he didn't want to go to the expense of such an audit.

The contract between the defendant and the plaintiffs was drawn and signed by the parties on December 22, 1959, in the office of the attorney for the defendant in Tulsa, Oklahoma. The agreed purchase price was derived by the formula of 3 or 3½ times the estimated gross annual income from the motel. Actual terms were as follows: $75,000 cash, $96,000 note at 6%, plus the assumption of three outstanding mortgages of $32,000, $70,000 and $87,000.

Defendant stated that the only reason for the purchase of the motel was for investment purposes and also that he was completely unfamiliar with the motel business as such. When the gross receipts failed to equal or come near those figures given by the plaintiffs, defendant accused the motel manager of stealing. Defendant was familiar with the circumstances under which the plaintiffs operated the motel as a family

project in that he knew upon purchasing the motel that he would have the additional expense of hiring personnel. Defendants counter-claim as to a misrepresentation of a material fact arose some five years after the contract was completed and after foreclosure proceedings were instituted.

The first question for decision is whether or not the trial court erred in refusing to find that the transaction was induced by misrepresentation, and in refusing to rescind the transaction and order an accounting to place the parties in the status quo which existed prior to the purchase.

■ The evidence is undisputed that the purchase price of the motel was based on a multiple of the prior year's estimated gross income. Defendant asserts that the plaintiffs falsely represented the actual 1959 gross income to be in the range of $120,000 to $125,000. The evidence clearly shows that Mrs. Miller's statement was an approximation rather than a statement based upon fact.

"Where a statement concerning * * * income is understood to be merely an estimate or opinion the courts will treat it as such even though the substance of the statement could have been embodied in a statement of fact."

See Anno., 27 A.L.R.2d 37. It is clear that the parties understood the figure of $120,000 to be an estimate in that the discussion and mention of that figure occurred during the negotiations period between October and December and before figures for the year were available and, further, instead of relying on that figure, defendant employed an accountant to check the books and records of the plaintiffs.

Defendant further asserts that the plaintiffs falsified copies of the sales tax returns for the year of 1959 and showed these to the defendant as proof of income. The evidence clearly shows that Mrs. Miller repeatedly denied "fixing-up the records" of the motel.

■ The fact that the plaintiffs allowed the defendant and his accountant to

examine all their records and books used in the operation of the Golden W. Motel further rebuts the idea of a material misrepresentation. The quotation approved in Bell v. Lammon, 51 N.M. 113, 179 P.2d 757, as it appeared in Berrendo Irrigated Farms Co. v. Jacobs, 23 N.M. 290, 168 P. 483, continues to be a correct statement of the law and it is as follows:

"The law is that where a vendee undertakes to make investigation of his own, and is given full means to ascertain all the facts, and is not prevented from making the examination as full as he likes, he cannot be heard to complain because he relied upon representations of the vendor if his purchase proves unsuccessful."

The trial court made no finding of fact on the issue of misrepresentation, but did conclude as a matter of law as follows:

"4. That the defendants failed to establish by clear, strong and convincing evidence that the execution of the contract of December 23, 1959 by the defendants, was induced by the fraudulent representations of the plaintiffs or either of them."

When we view the evidence in this case in the aspect most favorable to support the judgment of the trial court we agree that the counter-claim of the defendant must fail. Sauter v. St. Michael's College, 70 N. M. 380, 374 P.2d 134.

■■ The appellant next contends that it was error for the trial court to admit plaintiffs' exhibits 10 and 11 into evidence. The charge is that there was no foundation laid for their admission and that no opportunity was given to make formal objections to their admission. Plaintiffs admit that the admission of exhibit 10 was erroneous but contend that no prejudice resulted. Defendant relies on Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256, to substantiate its charge; however, the rule found in Moore v. Moore, 28 N.M. 463, 214 P. 585;

Halford Ditch Co. v. Independent Ditch Co., 22 N.M. 169, 159 P. 860, and in McGonigle v. Eagle Town-Site Co., 25 N.M. 625, 187 P. 546, is stated as follows.

"* * * the admission of incompetent evidence in a trial before the court is not available error, unless it appears that the court in arriving at its determination considered and relied upon the evidence."

In other words, this court will not treat such error as reversible unless there was no other evidence of a substantial nature on which the court could have based its decision. See L. and B. Equipment Company v. McDonald, 58 N.M. 709, 275 P.2d 639; Moore v. Moore, supra. Because the trial court reached the announced result without the aid of exhibit 10 the rule found in the cases just cited would be controlling. See also Gish v. Hart, 75 N.M. 765, 411 P.2d 349.

■ Exhibit 11 is a letter from the Internal Revenue Service to the plaintiffs and attached is a copy of an audit statement reflecting tax liabilities for the years 1958 and 1959. Both parties stipulated that it would be admitted when received from the Internal Revenue Service. The parties reserved only the right to make comments concerning the exhibit after its introduction. Consequently, under the rule announced in Bishop v. Mace, 25 N.M. 411, 184 P. 215, and followed by Humphries v. Le Breton, 55 N.M. 247, 230 P.2d 976, objections not made in the court below to the admissibility of evidence will not be considered on appeal.

The other attacks made by the appellant are geared to the claim of misrepresentation. Our adverse ruling on this proposition renders further consideration unnecessary.

The judgment appealed from will be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.