252 P.2d 511

**PENTECOST v. HUDSON et al.**
No. 5391.

Supreme Court of New Mexico.

Jan. 13, 1953.

Donald S. Bush, Artesia, for appellants.

Neil B. Watson, Artesia, for appellee.

LUJAN, Justice.

This suit was instituted in the District Court of Eddy County by James M. Pentecost against Mildred Crane Hudson seeking to establish an unrecorded, undivided royalty interest in Lot 1 (NE¼ NE¼) of Section 2, Township 18 South, Range 27 East, under an oil and gas lease executed by the State of New Mexico to Fred Brainard.

The plaintiff's complaint among other things alleged in substance that on October 14, 1941, Fred Brainard executed and delivered to plaintiff an assignment of an undivided royalty interest equal to 1% of ⅞ of all the oil and gas produced, saved and marketed; that a similar assignment of an identical interest was made by the said Fred Brainard to George E. Nixon; that through inadvertence the plaintiff did not place said assignment of record with the County Clerk of Eddy County, New Mexico, but handed the same to George E. Nixon, to be placed by him in his safe deposit box for safe keeping; that on April 12, 1945, acting on representations of either George E. Nixon or William Hudson, or both, said Hudson being then the owner of the royalty interest of both the plaintiff and Nixon, the firm of Archer and Jones was induced, for valuable considerations, to assign a royalty interest totalling 2% of ⅞ to defendant Mildred Crane Hudson, the wife of William Hudson; that said assignment was made without the knowledge or consent of the plaintiff and that all the parties, or their agents, had actual notice of the royalty interest of the plaintiff in and to said lease; that William Hudson paid to George E. Nixon the sum of $100 for the royalty interest of both the plaintiff and Nixon; that plaintiff had never authorized Nixon to act for him in the sale of said royalty interest and did not receive from George E. Nixon any portion of the sum so paid by Hudson.

The answer of the defendant Mildred Crane Hudson admitted that she had actual notice of the royalty interest of plaintiff and set up the purchase of the two 1% of ⅞ royalty interest through George E. Nixon; that the plaintiff received the consideration for said royalty interest on June 24, 1943. It denied the claims of ownership

by the plaintiff. It further set up the defense of estoppel by laches and, by way of cross claim, brought in Myrtle May Pentecost as third party defendant and asked that her title to the royalty interest be quieted. The plaintiff replied by alleging the actual notice of the claim by him.

Upon the issues so framed the cause was tried to the court without a jury which resulted in the dismissal of the plaintiff's complaint for his failure to establish his case and his failure to sustain the burden of proof and plaintiff appealed.

At the conclusion of all of the testimony, among other things, the court made the following observation:

"* * * In response to your objections on the ground of estoppel, the estoppel is not the motivating factor in arriving at the decision that was made in the case, Mr. Bush. The motivating factor then was and now is that I felt and feel that the plaintiff was unable to establish *its* cause of action or failed to establish *its* cause of action. Personally, I place little reliance in the defense of estoppel and based upon laches in this lawsuit. I think it is purely a question of fact as to the establishment of the complaint and I feel that it wasn't established. Now, that is the basis of the decision, * * *"

In 20 Am.Jur., Evidence, Section 135, p. 138, we find the following language used by the author:

"The fundamental principle is that the burden of proof in any cause rests upon the party who, as determined by the pleadings or the nature of the case, asserts the affirmative of an issue and remains there until the termination of the action. It lies upon the person who will be defeated as to either a particular issue or the entire case, if no evidence relating thereto is given on either side. In other words, one alleging a fact which is denied has the burden of establishing it. The burden is on a defendant to establish each material allegation of his rejoinders, where such a pleading is allowable. Unless the party asserting the affirmative of an issue sustains the burden of proof of that issue by a preponderance of the evidence, he must fail."

We are thus confronted with the settled rule that he who affirms must prove, and when whole of evidence on issue involved leaves case in equipoise, party affirming must fail. See Cunningham v. Springer, 13 N.M. 259, 82 P. 232.

In re Miller's Estate, 300 Mich. 703, 2 N.W.2d 888, 889, the court said:

"Where plaintiff, due to lack of proof, does not make out his case, the trial court should so hold."

And in Navajo Live Stock & Trading Co. v. Gallup State Bank, 26 N.M. 153, 189 P. 1108, 1111, we said:

"Whoever has the affirmative of the issue, as determined by the pleadings, or, where there are no pleadings, by the nature of the investigation, has the burden of proof. It never shifts from that party in either civil or criminal cases."

See, also, Transgard v. Atchison, T. & S. F. Ry. Co., 24 N.M. 569, 175 P. 280; Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295.

While the courts of justice are established and maintained for the administration of justice, and not merely to afford parties an opportunity to match wits and play a game of chance, and to that end it is necessary, in so far as is possible, to develop the facts and ascertain the truth in every case; still, when the plaintiff invoked the powers of the court in his case he assumed the burden of showing prima facie that this case was one of merit, and when there is any dispute in the evidence, it is his right to have the court pass upon the credibility of the testimony.

Whether the plaintiff told the truth was a question for the trial court. Richards v. Lucero, 35 N.M. 356, 298 P. 662. The court had before it the witness, and although he testified that the assignment herein involved was made without his knowledge and consent; that Nixon was not authorized to act for him and; that he did not receive from Nixon any portion of the sum so paid by William Hudson, the trial court could still determine the credibility of the witness from all the facts and circumstances as well as from his demeanor on the stand, his interest or bias shown by his testimony, or his conduct and inherent probability or improbability of his statements, and from all of these matters determine whether or not he has testified truthfully; on the cold record this cannot be done.

The court found as follows:

"1. That on April 12, 1945, Archer and Jones conveyed to Mildred Crane Hudson an overriding royalty of 2% of the 7/8ths of all of the oil and gas produced, saved and marketed from State Oil and Gas Lease B–9299, insofar as it covers Lot 1 (NE¼ NE¼) of Section 2, Township 18 South, Range 27 East, N. M. P. M.; and said Mildred Crane Hudson is the owner of said royalty interest.

"2. That the plaintiff has failed to establish that the conveyance to Mildred Crane Hudson was made without the knowledge or consent of the plaintiff herein, and plaintiff has failed to establish that such conveyance was not authorized.

"3. That on June 23, 1943, William Hudson, as agent for Mildred Crane

Hudson, paid $100.00 to George Nixon as consideration for said overriding royalty; and, on June 24, 1943, $50.00, or one-half of said consideration, was deposited to the credit of the plaintiff in the First National Bank of Artesia; and plaintiff has failed to establish that he did not receive the consideration so paid.

"7. That from June of 1943 until February of 1947, plaintiff did not assert any ownership to any interest in the overriding royalty involved in this action."

The court concluded as a matter of law:

"1. That plaintiff's complaint should be dismissed and that plaintiff has failed to establish the allegations of his complaint to justify a recovery, and that recovery in this suit to the plaintiff should be denied."

It is a familiar rule of law which has been applied time and again by this court that the appellate court will not pass upon the weight of the evidence; and if there was a conflict of evidence the findings of the court below would be sustained. Citation of authorities is unnecessary.

The plaintiff requested the trial court to make certain findings of fact which were refused. These requests are a challenge to the sufficiency of the evidence to sustain the findings made by the trial court. This court, has so repeatedly held that the evidence must be considered in an aspect most favorable to the appellees and that the facts found by the lower court are the facts to be reviewed by us and if supported by substantial evidence they must be sustained, that a citation of authorities is unnecessary.

Upon a careful examination of the entire record we conclude that there is substantial evidence to support the findings of the trial court.

We have not considered the several interesting questions raised in this record, and intimate no opinion on them, since the points already discussed are determinative. The judgment is affirmed.

It is so ordered.

SADLER, C. J., and McGHEE, COMPTON and COORS, JJ., concur.