272 P.2d 672

## GOODWIN v. TRAVIS.

### No. 5691.

Supreme Court of New Mexico.

June 23, 1954.

Robert W. Ward, Lovington, for appellant.

G. T. Hanners, Lovington, for appellee.

SEYMOUR, Justice.

Administrator of the estate of Mary Frances Bilderback sued Escola Travis for $3,400 allegedly loaned to defendant by decedent in several transactions during the latter years of decedent's life. The transactions took place in 1948 to 1950, inclusive. Defendant admitted receipt of such moneys but denied the indebtedness, alleging said moneys to have been given to her by decedent "—as a gift and for services rendered —." During the course of trial and for the purpose of meeting the defense of "gift" administrator was permitted to amend his reply and inject into the case issues as to the mental capacity of decedent and as to alleged undue influence of defendant over decedent. At the conclusion of trial the court dismissed plaintiff's complaint from which judgment this appeal is taken.

Appellant has briefed and argued only one point, broken down into numerous headings. Substantially, three questions are raised: (1) Is the defense of "gift" corroborated as required by § 20–205, 1941 Compilation Annotated? (2) Are the findings of fact of the trial court supported by substantial evidence? (3) Did the trial court err in refusing to make ten of plaintiff's requested findings of fact?

The trial court prepared and made findings of fact different from those submitted by either of the parties. Since a statement of facts is necessary to any understanding of this opinion and appellant's attack is directed in large part at the findings of fact of the trial court, it seems best to quote them in full.

"Findings of Fact

"1. For a number of years prior to May, 1948, Mary Frances Bilderback resided at Tatum, New Mexico. Her husband had been dead for sometime. Her grandson, J. L. Eaton, had moved from Tatum to the City of Lubbock, Texas, in the year 1943. He saw his grandmother from time to time subsequent to May, 1948, and until her death. Except for short periods of time, Mary Frances Bilderback resided alone and did not have any relatives in Tatum to care for her and to assist her in carrying out her daily requirements for groceries, mail delivery, pleasure rides in the automobile, trips about town for other purposes and going to and from church.

"2. After J. L. Eaton moved from Tatum to Lubbock, Escola Travis performed· numerous gratuitous services

for Mary Frances Bilderback. She visited her in her home almost daily, drove her car for her, obtained her mail for her, purchased groceries for her, drove Mary Frances Bilderback to the store, and on various errands and trips as indicated by Mrs. Bilderback that she desired to make.

"3. Because of the attention shown Mary Frances Bilderback by Escola Travis, and the services rendered by Escola Travis, Mrs. Bilderback developed a strong affection for the defendant and developed a feeling of gratitude to Escola Travis for the care and attention which the defendant had shown her.

"4. At the time of the death of Mrs. Bilderback in November, 1951, she was eighty-six years of age, and for sometime prior to her death, was laboring under many of the infirmities of age, both mentally and physically. Her mental capacity during the time material to this case was such that she was perfectly well aware of her doings and her business, knew her property and the objects of her bounty and affection, and apparently developed a feeling that her grandson, J. L. Eaton, had not given her the attention that she felt she should have had.

"5. March 10, 1950, Mrs. Bilderback conveyed to J. L. Eaton by warranty deed, real estate at Tatum, New Mexico. June 8, 1950, she executed her last will and testament naming J. L. Eaton as sole beneficiary and devisee, well knowing that prior to the execution of said will, she had made various gifts to the defendant Escola Travis.

"6. May 10, 1948, Mary Frances Bilderback gave to the defendant $4,500.00 as a gift. January 24, 1949, Mary Bilderback gave the defendant $400.00 as a gift. April 3, 1950, Mary Bilderback gave to the defendant the sum of $500.00 as a gift, and in connection with said $500.00 transaction, the defendant gave to Mary Frances Bilderback an I.O.U. providing for monthly payments, which instrument was not accepted by Mary Bilderback as an evidence of indebtedness, nor did she want the defendant to repay the money.

"7. July 1, 1948, Mary Frances Bilderback gave to the defendant approximately $100.00 to be used in the purchase of necessary household items for Mary Frances Bilderback; that said sum was expended by the defendant at the direction of Mary Frances Bilderback and that Mary Frances Bilderback received all of the benefits of the expenditures of said money.

"8. For some reason, Mary Frances Bilderback subsequent to the gifts to

the defendant actively permitted her grandson to believe that the sums of money given to Escola Travis were loans and that her actions in this regard stemmed from the feeling of gratitude and of indebtedness toward the defendant by Mary Frances Bilderback, and the feeling that she had been neglected on the part of Mary Frances Bilderback by her grandson.

"9. The grandson and his attorney made demands upon the defendant for repayment of the sums of money which Mary Bilderback had given the defendant, and Mary Frances Bilderback, September 6, 1950, caused an affidavit to be prepared for her by A. D. Williams, Attorney at Law, Hobbs, New Mexico, reciting that the sums of money heretofore mentioned were gifts and were not loans, and that the affidavit was executed to give this defendant a complete defense against any suit that might be based thereupon. At the time of the execution of the affidavit, the said Mary Frances Bilderback was in full possession of her mental faculties, knew and understood what she was doing and was acting freely and voluntarily and not under the coercion of the defendant or any other person.

"10. That the defendant did not exercise any undue influence of fraud upon Mary Frances Bilderback to obtain the sums of money given her by said Mary Frances Bilderback."

From the foregoing findings of fact the court concluded as a matter of law, as follows:

"Conclusions of Law.

"1. That the testimony of the defendant with respect to the gifts by Mary Frances Bilderback has been corroborated as required.

"2. That the sums of money given to the defendant by Mary Frances Bilderback were gifts and not loans and that the defendant is not now indebted to the administrator of the estate of said Mary Frances Bilderback in any amount of money.

"3. That no fraud, undue influence or coercion was practiced upon or brought to bear upon said Mary Frances Bilderback at the time of the making of the gift or at any other time material to this suit.

"4. That at the time of the making of the gifts to Escola Travis, Mary Frances Bilderback was mentally competent to make said gifts and knew and understood the consequences of said gifts.

"5. Plaintiff's Complaint should be dismissed."

■ On the first question of corroboration, the affidavit referred to in finding of fact No. 9 is conclusive as against the contention of appellant based upon § 20–205, supra. This affidavit was prepared more than one year prior to decedent's death by an attorney of recognized integrity; it detailed each money transaction involved in the instant case; it categorically stated that each of the questioned transactions originated as a gift to defendant; it stated in unmistakable language that the purpose of the affidavit was to protect appellee against any assertion that such moneys were a loan instead of a gift; and, finally, the attorney who prepared the affidavit for the signature of decedent testified that prior to the preparation and execution of the document he talked alone with decedent for an hour, that her demeanor was absolutely normal, that her thinking was clear, and that her desire was very strong to protect appellee against just such a claim as this now made by appellant.

It is difficult to imagine more convincingly corroborative evidence than this sworn affidavit executed by decedent. It fully meets the requirements of § 20–205, supra, as stated in that act and as interpreted in the many cases cited in "Notes to Decisions" under that section in the New Mexico Statutes, 1941 Annotated.

■ Appellant questions the sufficiency of the evidence to support the findings of fact of the trial court. A reading of the record shows this contention to be without merit; parenthetically in this regard, and with particular reference to the alleged mental incapacity, fraud, undue influence, and coercion, it is interesting to note from the testimony of Mr. Eaton, the surviving grandson, that subsequent to the transactions of which complaint is made, the decedent executed and delivered to Mr. Eaton four deeds covering properties belonging to decedent and further executed a will leaving her whole estate to Mr. Eaton. In connection with these documents Mr. Eaton testified that decedent was in her right mind and knew what she was doing.

Appellant's third question arises from the trial court's refusal to make numerous findings of fact requested by him. Many of these were covered by findings already made and therefore properly refused; others were in direct conflict with facts found by the court in support of its conclusions of law and decision. Obviously, the refusal of these was not error since we have determined that the court's findings were supported by substantial evidence.

■ With regard to this point particular emphasis is placed upon the refusal of many detailed findings as to decedent's

age, specific physical weaknesses, personal habits and peculiarities, and similar evidentiary matters. There is no obligation on the part of the court to find all of the relevant facts but only such *ultimate* facts as are necessary to determine the *issues* in the case. Appellant asserts that the court's finding of fact No. 10 to the effect that there was no undue influence or fraud on the part of appellee is a conclusion of law, not a finding of fact, and that he, appellant, was entitled to the findings of fact requested on these details. In many instances the ultimate facts to be properly found by a trial court are indistinguishable from and identical to conclusions of law which are also found by the court. The instant case is a good example. Conclusion of law No. 3 and finding of fact No. 10, both quoted above, differ in no substantial respect.

This court already has explored the distinction between findings of fact and conclusions of law. Two of many cases are Christmas v. Cowden, 1940, 44 N.M. 517, 105 P.2d 484 and Sundt v. Tobin Quarries, 1946, 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586. Refinements of this distinction can serve only to force the trial courts further into the useless procedure of preparing a résumé of all of the evidentiary facts, a time-consuming and unnecessary task. It is our conclusion that the absence of fraud or undue influence comprehended in finding of fact No. 10 was a proper finding of an ultimate fact and that the court had no obligation to find the evidentiary facts requested by appellant. Had this case been tried to a jury and a general verdict resulted for defendant, assuming proper instructions on fraud and undue influence, such verdict would be treated by this court as a finding that no fraud or undue influence was exercised by appellee. Since the primary duty of a jury is to determine facts, it necessarily follows that the existence or non-existence of fraud or undue influence is an ultimate fact and one which a court without a jury may properly find.

Whether or not the evidentiary facts are substantial in their support of the ultimate fact found by the trial court is one of the legal questions for determination by this court, already determined in the instant case in favor of appellee.

The propriety of the court's conclusions of law Nos. 2, 3 and 4 is not a question of significance. At most they are harmless surplusage. It occurs to us that conclusions 1 and 5 cover the legal conclusions necessary to dispose of this case upon the issues framed and the facts found.

We find no merit in the other contentions made by appellant. Judgment is affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and LUJAN, JJ., concur.