411 P.2d 349

Harold S. GISH and George F. Norton, Jr., Plaintiffs-Appellants,

v.

Jack HART, Mrs. Evelyn Norton Queener, Mary Ann Amsbary and Marjorie N. Howard Johnson, Defendants-Appellees.

No. 7690.

Supreme Court of New Mexico.

Feb. 21, 1966.

Dazzo, Dazzo & Ashby, Albuquerque, for appellants.

Hammel Carrell, Lovington, for appellees.

CARMODY, Chief Justice.

Plaintiffs have appealed from a judgment dismissing their suit to quiet title to a 1/64th interest in all oil, gas, minerals and mineral substances in and under a half section of land in Lea County, New Mexico, and from a judgment on a counterclaim quieting title in defendants to the same interest.

On November 12, 1935, Henry Kemp, a New York dealer in securities and investments, conveyed to George F. Norton, by mineral deed, the 1/64 interest in the mineral rights which is the subject of this suit. The deed was recorded in the Deed Records of Lea County.

Plaintiffs in the trial court, George F. Norton, Jr., and Harold S. Gish, lessee of his co-plaintiff, attempted to show that George *Francis* Norton, father of plaintiff Norton, Jr., who lived in Greenport, New York, in 1935, was the buyer of the

mineral interest. Defendants on the other hand contended that George *Freer* Norton, who lived in Norwich, New York, in 1935, was the man who bought the interest from Kemp. Defendants Queener, Amsbary and Johnson claim as devisees of George Freer Norton, and defendant Hart as their grantee.

Both George F. Nortons are now deceased. Neither side was able to produce the original deed or any writing directly linking its George F. Norton with Henry Kemp.

The trial court made the following findings of fact:

"3. That George F. Norton, grantee in the above described deed, was one and the same person as George Freer Norton, whose address at the time of execution and delivery of said deed was 27 East Park Place, Norwich, New York. That it has been stipulated by the parties hereto that Mrs. Evelyn Norton Queener, Mary Ann Amsbary and Marjorie N. Howard Johnson, Defendants and Counterclaimants, are the sole and only devisees under the last will and testament of the said George Freer Norton, and together with their grantee, Jack Hart, are the sole owners of and successors to the title and interest of said George Freer Norton.

"4. That the Court was not impressed with the testimony of Henry Kemp, but found his memory unreliable, untrustworthy and evasive, and not susceptible of belief; and that Henry Kemp had no recollection of the transaction in question whatsoever.

"5. That George F. Norton a/k/a George Francis Norton, deceased, father of Plaintiff, George F. Norton, Jr., did not purchase the subject property from Henry Kemp."

■ Plaintiffs first contend that the trial court's findings of fact, conclusions of law, and judgment quieting title in defendants are not supported by the evidence, and that the court erred in not adopting plaintiffs' requested findings and conclusions. No citation is necessary for the proposition that if the trial court's findings are based on substantial evidence, they must stand as the facts before us. The fact that there may be other evidence in the record to support the findings requested by the plaintiffs would then be of no consequence.

■ The rule is well settled in this jurisdiction that in a suit to quiet title the plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of his adversary's claim. Rock Island Oil and Refining Co. v. Simmons, 1963, 73 N.M. 142, 386 P.2d 239; Ronquillo

v. Sandoval, 1962, 71 N.M. 459, 379 P.2d 611; New Mexico Realty Co. v. Security Investment & Development Co., 1922, 27 N.M. 664, 204 P. 984. Plaintiffs do not question this proposition.

In order to successfully attack the trial court's judgment, plaintiffs must overcome Finding No. 5, that George *Francis* Norton did not purchase the property from Henry Kemp. The only evidence offered by plaintiffs to show such purchase is the testimony of Henry Kemp, but the trial court found in its Finding No. 4 that Kemp's memory was "unreliable, untrustworthy and evasive, and not susceptible of belief" and that Henry Kemp "had no recollection of the transaction in question whatsoever." Thus, unless Finding No. 4 is not supported by substantial evidence, plaintiffs' attack on Finding No. 5 is to no avail.

Supreme Court Rule 15(6) states:

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition."

Plaintiffs, in their attack on the court's findings, present, for all practical purposes, no discussion at all of evidence which sustains the verdict, in either their brief-point attacking the findings or in the extensive statement of facts. The plaintiffs direct the court's attention only to evidence contrary to the trial court's findings, in violation of Rule 15(6). Mountain States Telephone and Telegraph Co. v. Suburban Telephone Co., 1963, 72 N.M. 411, 384 P.2d 684, appeal dismissed and cert. denied, 376 U.S. 648, 84 S.Ct. 982, 11 L.Ed.2d 979, pet. for rehearing denied, 377 U.S. 940, 84 S.Ct. 1331, 12 L.Ed.2d 304; Minor v. Homestake-Sapin Partners Mine, 1961, 69 N.M. 72, 364 P.2d 134. In reviewing an attack upon a finding, it is the supporting evidence, not that adverse to the finding, that ordinarily determines the issue. Sundt v. Tobin Quarries, 1946, 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586. Neither has the appellant at any point in his brief quoted the findings of the trial court which he attacks. Bogle v. Potter, 1961, 68 N.M. 239, 360 P.2d 650. In such case the trial court's findings are the facts upon which the decision of this court must be based. Mountain States Telephone and Telegraph Co. v. Suburban Telephone Co., supra; Petty v. Williams, 1963, 71 N.M. 338, 378 P.2d 376. The court, in Sundt v. Tobin Quarries, supra, said:

"The defendant stated the substance of the testimony favorable to its con-

tention that requested finding 24 should have been accepted; but * * * it made no reference to much that supports findings XX, XXI and XXII. In reviewing an attack upon a finding it is the supporting evidence, not that adverse to the finding, that ordinarily determines the issue. The record contains more than 500 pages of typewriting, and for the members of this court to read the entire record in considering each finding attacked to discover whether it is supported by substantial evidence would entail an unnecessary burden on the members of the court."

See also, Provencio v. Price, 1953, 57 N.M. 40, 253 P.2d 582.

In any event, Findings 4 and 5 are supported by substantial evidence, and we note the following to illustrate that Finding 4 was amply supported by the evidence: Prior inconsistent statements by Henry Kemp concerning his memory of his grantee, e. g., "If I had seen that fellow George F. Norton on the street a week after the sale, I wouldn't have recognized him"; prior assertions by Kemp that he had no knowledge, even an address, of Norton; Kemp's statement that, "All I know was that I sold it; that's all I know."

Even though plaintiffs strongly argue that a review of Kemp's testimony at the trial shows that it should have been believed, nevertheless such an argument seeks to have this court substitute its determination of credibility for that of the trial court, and this we cannot do. The rule and the reason therefor is plainly stated in Terrel v. Lowdermilk, 1964, 74 N.M. 135, 391 P.2d 419, where we said:

"* * *. An appellate court must rely upon the fact finder for the determination of the facts of a case. Under our system of jurisprudence, it is simply not feasible for an appellate court to retry a case which is based upon conflicting testimony. The appellate court must restrict itself to determination of questions of law and leave factual determinations to the trial court, or jury as the case may be, which has the opportunity of hearing the witnesses testify and observing their demeanor and conduct while on the witness stand. A witness's testimony may, at the time of trial, be evasive instead of straight-forward, lacking in candor rather than truthful, or be such as makes it apparent to the listener that he is being less than honest in his testimony. These things and many others occurring in the trial are obvious to the trial court and influence his decision, but ordinarily are not apparent in the typewritten record so that the true 'flavor' of the case is not

obtained by the reader. This is merely one of the reasons why appellate courts must rely upon the judgment of the trier of the facts. So it is in the instant case. Although it might appear from the cold record that the responsibility for the accident was possibly that of the appellee, nevertheless the trier of the facts did not think so, and there is certainly substantial evidence to support this view. Where there is substantial evidence to support the findings, we will not substitute our judgment for that of the fact finder."

See also, Pentecost v. Hudson, 1953, 57 N.M. 7, 252 P.2d 511, which concerned the credibility of a party seeking to establish a royalty interest; Grisham v. Nelms, 1962, 71 N.M. 37, 367 P.2d 1; and Medler v. Henry, 1940, 44 N.M. 275, 101 P.2d 398.

With respect to Finding 5, although here again there was a definite conflict in the evidence, the record discloses substantial evidence supporting the finding. In part, the proof in support discloses that George Francis Norton never went out of town (Greenport) during the last year of his life; that George Francis Norton was reported sick on the day before the sale was made in New York, and was reported sick continuously for the next three weeks, qualifying him for his lodge's sick benefits; that the financial situation of George Francis Norton was very modest, yet the investment in the mineral interest was of a highly speculative nature, and there was no showing of any other speculative investments by George Francis Norton; and the lack of any recollection by the members of the George Francis Norton family of receipt of the rental payments from the property for the years 1936 through 1939 (after the death of George Francis Norton), but which Kemp said were sent to the grantee.

■ Plaintiffs maintain that even though their attack on Findings 4 and 5 be unsuccessful, nevertheless that Finding No. 3 is not supported by substantial evidence and that the case should be reversed because there was not sufficient proof to justify the finding made. The basis of this contention, going as it does to the substantial evidence problem, is to the effect that the judgment in favor of the defendants on their counterclaim is erroneous, because the defendants had the same burden as that which was on the plaintiffs, i. e., that they must recover, if at all, on the strength of their own title. Defendants' answer to this claim of error is two-pronged. First, they claim that the plaintiffs' having been found to no longer have any interest in the land, that therefore they had no standing to controvert the defendants' claim of title. In this connection, defendants rely on certain Kentucky cases, which apparently hold as the defendants contend. Nevertheless, we

need not determine whether such a rule is applicable, because the second prong of defendants' basis for sustaining Finding No. 3 is that it is supported by substantial evidence. With this we agree.

Most impressive of the substantiating evidence is the recurrence of situations in which George Freer Norton and a Katharine L. Jones were both purchasers in the same speculative investments, similar to the one in Lea County, and that George Freer Norton and Katharine L. Jones were both during the same periods of time, customers of three different dealers in speculative stocks. Katharine L. Jones also was a purchaser of a portion of the mineral interest in this Lea County land. Certificates for a sale of shares in an Oklahoma oil trust were issued to both Katharine L. Jones and George Freer Norton only nine days after the Kemp-Norton Lea County transaction.

Defendants suggest that under such circumstances the theory that any other George F. Norton could be the Lea County buyer is to exceed all bounds of probability. Whether or not this may be the case, the evidence is at least sufficient to support the trial court's finding that the grantee George F. Norton is one and the same person as George Freer Norton.

Plaintiffs next urge that the trial court erred in considering certain defendants' exhibits, alleging them to be irrelevant. Most of these exhibits were offered for admission, with the trial court stating that he would examine them and rule on their admissibility at a later time. No showing is made that the exhibits were admitted or refused, or that they were considered by the trial court.

Under § 21-1-1(43) (a), the rule of evidence which favors reception of evidence governs, the basis being that any evidence which throws light on the question in issue should be admitted, leaving it to the trial court to hold the hearing within reasonable bounds. Lopez v. Heesen, 1961, 69 N.M. 206, 365 P.2d 448. The court in Brown v. General Insurance Co. of America, 1962, 70 N.M. 46, 369 P.2d 968, referring to Rule 43(a), said:

" * * *. While this rule is subject to important qualifications, it was not intended to close any reasonable avenues to the truth in the investigation of questions of fact. In doubtful cases the doubt should be resolved in favor of its admissibility. * * * The admission of this particular evidence being within the discretion of the court, its decision will not be disturbed in view of the fact that the testimony had a legitimate bearing upon the questions at issue."

Even if the exhibits were improperly admitted, they afford no ground for reversal· unless it appears that the court considered them in deciding the case, particularly where there is testimony free from objection to support the court's findings. First State Bank of Alamogordo v. McNew, 1928, 33 N.M. 414, 269 P. 56. No showing of such consideration is made by plaintiffs in the present case.

▮ Plaintiffs finally argue that there is no evidence in the record to support the trial court's finding of defendants' damages in setting the amount of bond to be filed by plaintiff prior to prosecution of this appeal. Plaintiffs' brief on this point is confusing. However, at a hearing on defendants' motion challenging adequacy of bond previously filed, the court made findings relative to defendants' damages which were incorporated into an order increasing the amount of bond. No transcript was made at that hearing. In the absence of the record upon which the court based its findings, it is to be presumed that the findings of fact were supported and justified by the evidence. First National Bank of Albuquerque v. Staley, 1921, 26 N.M. 650, 195 P. 514.

The judgment will be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.