418 P.2d 185

**Adrian BERRYHILL, Plaintiff-Appellee,**

**v.**

**UNITED STATES CASUALTY COMPANY, Defendant-Appellant.**

**No. 7974.**

Supreme Court of New Mexico.

Sept. 19, 1966.

: McAtee, Toulouse, Marchiondo, Ruud & Gallagher, J. E. Casados, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, Albuquerque, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The plaintiff, Adrian Berryhill, brought this action to recover the unpaid portion of the purchase price of cattle sold to the New Mexico Livestock Exchange, Inc., one of the defendants. The defendants Paul Kinsell and Elita E. Kinsell were respectively president and secretary of the New Mexico Livestock Exchange, Inc. The defendant United States Casualty Company had executed its surety bond conditioned for the payment of the purchase price of livestock bought by the New Mexico Livestock Exchange, Inc.

In February, 1962, the plaintiff sold livestock to the New Mexico Livestock Exchange, Inc. for a net price of $12,394.63, the purchaser agreeing to pay therefor within a few days. The New Mexico Livestock Exchange, Inc., being unable to pay gave to the plaintiff its demand note for the purchase price. In November, 1962, after the note had been delivered to the plaintiff's attorney for collection, a new note was made by the defendant New Mexico Livestock Exchange, Inc. and the defendants Paul Kinsell and Elita E. Kinsell joined in its execution individually. This note provided for installment payments and an increase in the interest rate. Payments on this note became delinquent so that in February, 1964, only $3,500 had been paid whereas the payments should have totaled $8,000. In January, 1964, the plaintiff first learned of the surety bond. In January, 1964, all of the assets of the New Mexico Livestock Exchange, Inc. were

sold without the knowledge of the defendant, United States Casualty Company. This action was begun in August, 1964.

The trial court gave judgment in favor of the plaintiff and against the defendant, U. S. Casualty Company. The defendant United States Casualty Company was given judgment against the New Mexico Livestock Exchange, Inc. and the Kinsells. The United States Casualty Company brings this appeal.

■ For reversal, the appellant relies on four points. Points 1 and 4 challenge certain findings of the trial court on the ground that they are contrary to the evidence. There is substantial evidence to support the findings and consistent with the long established rule in this jurisdiction, such findings will not be disturbed by this court. State ex rel. Reynolds v. Lewis, 74 N.M. 442, 394 P.2d 593.

Appellant's second and third points are closely related. Point No. 2 challenges finding of fact No. 9. It is as follows:

"9. It was the purpose and intention of both the plaintiff and the defendant New Mexico Livestock Exchange, Inc., Paul Kinsell and Elita E. Kinsell that said notes were to serve solely as security to insure payment of the unpaid purchase price for the cattle and they were not intended as payment thereof nor were said notes intended to alter or modify any of the basic terms of the sale or to extend the time for the payment of the purchase price."

Point No. 3 challenges the trial court's conclusion of law No. 4 which is as follows:

"4. No action or inaction by the plaintiff, including the receipt of the notes operated either to alter, modify, release or extend the time of payment of the underlying debt for the purchase price of the cattle nor altered or released defendant New Mexico Livestock Exchange, Inc. or United States Casualty Company from liability under the bond as amended. Said notes constituted merely security for the payment of the underlying debt for the purchase price of the cattle."

The gist of the appellant's quarrel with the finding of fact and the conclusion of law just quoted is that the giving and the taking of the second note operated to extend the time of payment and that this released the surety from further liability. The liability of the surety, if any, must be predicated upon the following language in its bond:

"Now, therefore, the condition of this bond is such that if the said principal shall pay, when due, to the person or persons entitled thereto, the purchase price for all livestock purchased by said principal at a public stockyards, as de-

fined in the Packers & Stockyards Act, 1921, as amended; then this bond shall be null and void; otherwise to remain in full force and virtue."

This court has heretofore considered the obligation of compensated sureties. Southwestern Portland Cement Co. v. Williams, 32 N.M. 68, 251 P. 380, 49 A.L.R. 525; Sproul Construction Company v. St. Paul Fire & Marine Insurance Company, 74 N.M. 189, 392 P.2d 339. We are in accord with Lewis v. Goldsborough, D.C., 234 F.Supp. 524 (1964) and share the view expressed therein that technical rules otherwise protecting sureties from liability are not applicable to bonds required to be filed under the Packers & Stockyards Act, at least in the absence of a showing of prejudice. See Sproul Construction Company v. St. Paul Fire & Marine Insurance Company, supra. The trial court expressly found that if the second note operated to extend the time of payment, it resulted in no prejudice. We have said that this finding is substantially supported by the evidence; consequently, we do not perceive how the change in the terms of payment can excuse the surety from the obligation of its bond.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.